**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CHRISTINE SKANDIS,

      Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.,

      Defendant.

Case No. 2:20-cv-12221-GCS-APP

Honorable George Caram Steeh

---

Christine Skandis
312 Hoffman Street
Saugatuck, MI 49453
Plaintiff, *pro se*

Dawn N. Williams (P72399)
**DYKEMA GOSSETT PLLC**
*Attorneys for Defendant JPMorgan Chase Bank, N.A.*
300 Ottawa Avenue, N.W., Suite 700
Grand Rapids, MI 49503-2306
(616) 776-7500 / Fax: (855) 234-8873
dwilliams@dykema.com

---

**JPMORGAN CHASE BANK, N.A.'S**
**OPPOSITION TO PLAINTIFF'S NOTICE OF INTENT TO REMAND**

Now comes Defendant JPMorgan Chase Bank, N.A. ("Chase") and for its Response to Plaintiff's Notice of Intent to Remand states as follows:

**INTRODUCTION**

This matter involves Plaintiff's attempt to challenge foreclosure proceedings arising from non-party Larry Fuller's default on his residential mortgage loan. As more fully elaborated in Chase's Notice of Removal [DE 1], Motion to Transfer

Venue [DE 3], and Motion for Rule 11 Sanctions [DE 7], this action is duplicative of an action pending in the United States District Court for the Western District of Michigan, Case No. 1:19-cv-00028. Plaintiff initiated this action in a blatant attempt to re-litigate issues already pending before the Western District in hopes of obtaining a more favorable outcome. To further her efforts, Plaintiff is desperate to stay in state court where she has sought to improperly default Chase and obtain fraudulent admissions. *See* Rule 11 Motion, pp. 6-9 [DE 7].[1] Plaintiff now seeks to remand this case back to the Third Judicial Circuit, County of Wayne and has filed a Notice of Intent to Remand [DE 8].

To the extent Plaintiff's Notice of Intent to Remand is a formal motion to remand, the motion should be denied because it does *nothing* to rebut Chase's showing of federal court jurisdiction over this matter.

Accordingly, Plaintiff's motion to remand must be denied.

## ARGUMENT

Under the Federal Rules, "any civil action brought in a State court of which the district courts of the United states have original jurisdiction, may be removed by the defendant . . . ." 28 U.S.C. § 1441(a). The federal district courts have

---

[1] Plaintiff has also file a *third* action against Chase concerning the same claims at issue. Plaintiff named two Michigan residents as defendants in an attempt to defeat diversity jurisdiction. Plaintiff's attempt to avoid diversity jurisdiction, however, fails because the Michigan residents are fraudulently and/or improperly joined. *See* Notice of Removal, Case No. 2:20-cv-12694-GCS-APP [DE 1]. Chase therefore removed the case to this Court on October 2, 2020.

original jurisdiction over matters where the amount in controversy "exceeds the sum or value of $75,000 . . . and is between citizens of different States." 28 U.S.C. § 1332(a)(1). As set forth in the Notice of Removal, diversity jurisdictions is present because this action involves citizens of different states. *See* Notice of Removal, ¶¶ 7-8 [DE 1]. Further, the amount in controversy is satisfied because Plaintiff pleads damages in excess of $250,000 and the value of the subject matter in dispute exceeds $75,000. *Id.*, ¶ 9.

Plaintiff does not—and cannot—point to any facts to challenge Chase's well-developed showing of diversity jurisdiction. Rather, Plaintiff merely avers that "the claims are state claims and not federal claims." Notice of Intent to Remand, p. 1 [DE 8]. This argument is nonsensical because removal is based upon *diversity jurisdiction,* not federal question jurisdiction. *See* Notice of Removal, ¶ 7 [DE 1]. Because Plaintiff fails to present any facts rebutting Chase's showing of diversity jurisdiction, her motion to remand should be denied.

## CONCLUSION

For the above reasons, Chase requests that the Court deny Plaintiff's Motion for Remand and award such other relief as it deems appropriate.

3

Dated:  October 7, 2020

Respectfully submitted,

**DYKEMA GOSSETT PLLC**

By:*/s/ Dawn N. Williams*
   Dawn N. Williams (P72399)
   DYKEMA GOSSETT PLLC
   *Attorneys for Defendant JPMorgan Chase Bank, N.A.*
   300 Ottawa Avenue, N.W., Suite 700
   Grand Rapids, MI  49503-2306
   (616) 776-7500 / Fax: (855) 234-8873
   dwilliams@dykema.com

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•39577 WOODWARD AVENUE, SUITE 300•BLOOMFIELD HILLS, MICHIGAN  48304

4

## CERTIFICATE OF SERVICE

I hereby certify that on **October 7, 2020**, the foregoing paper was filed electronically with the Clerk of the Court using the ECF system. In addition, a copy of the same was served via U.S. Mail to:

>   Christine Skandis
>   312 Hoffman Street
>   Saugatuck, MI  49453

Dated:  October 7, 2020                     */s/ Dawn N. Williams*
                                             Dawn N. Williams